**E-FILED**
Thursday, 19 April, 2007  03:44:13 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-cv-4055 |
| | ) | |
| SIX HUNDRED FORTY-FOUR THOUSAND | ) | |
| EIGHT HUNDRED SIXTY AND 00/100 | ) | |
| DOLLARS IN U.S. CURRENCY and | ) | |
| KIET NHON TA | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| ZIGZAGORB.COM INTERNATIONAL, | ) | |
| LTD. And JIMMY HUYNH, | ) | |
| | ) | |
| Claimants. | ) | |

## **O R D E R**

Before the court are the Motion to Compel filed by the Plaintiff on February 23, 2007 [Doc. 35] and the Motion to Continue filed by the Plaintiff on February 23, 2007 [Doc. 36]. The Motion to Compel is GRANTED and the Motion to Continue is GRANTED.

### BACKGROUND

In this forfeiture action, the claimants, Zigzagorb.com International, LTD., and Jimmy Huynh claim an ownership interest in the funds seized. On May 12, 2006, the Plaintiff served various discovery requests on the claimants including interrogatories and requests to produce. The Plaintiff

indicates that it never received responses to the interrogatories. In the requests to produce, the Plaintiff seeks income tax returns for 2004 and 2005.[1] Finally, the Plaintiff seeks a continuance of the discovery deadline in order to depose both of the claimants.

The docket reveals that the claimants filed notices of service of responses to the various discovery requests on September 11, 2006 [Docs. 28, 29, 30, 31, and 32]. The claimants however dispute that they must provide tax returns as they claim that these documents are privileged. Finally, the claimants offer no argument with respect to the depositions.

## DISCUSSION

Federal Rule of Civil Procedure 37(a) provides that a party may move to compel discovery responses after the parties have made a good faith effort to confer or attempt to confer regarding the missing discovery. It appears from the claimants' response that they have furnished the already served answers to interrogatories that the Plaintiff seeks. Plaintiff states that it never received the responses. It is a simple matter for claimants to furnish substitute responses as suggested by their opposition to the motion to compel. Accordingly, claimants are

---

[1] The Court assumes that the Plaintiff served a similar request to produce on each of the claimants that included the request for income tax returns.

ORDERED to furnish the requested responses within ten (10) days of the date of this Order.

With respect to the tax returns, the claimants assert that the documents are privileged. As the parties asserting the privilege, the claimants have the burden to show that the privilege applies. Allen v. Chicago Transit Authority, 198 F.R.D. 495, 501 (N.D. Ill. 2001). The claimants argue that they are not required to produce their tax returns pursuant to the Tax Return Privacy Act, 26 U.S.C. §6103. The statute generally provides that "returns and return information shall be confidential" and goes on to provide that no officer or employee of the United States, a state, or other specified persons, shall disclose return information except under specific conditions.

This code section, however, does not apply to the discovery at issue. In its discovery requests, the Plaintiff sought the tax returns from the claimants, not from a federal agency, employee, or other person designated by the statute. This section "only restricts the dissemination of tax returns by the government and . . . does not otherwise make copies of tax returns privileged." Heathman v. U.S. Dist. Court for the Central Dist. Of California, 503 F.2d 1032, 1035 (9th Cir. 1974); See Commodity Futures Trading Commission v. Collins, 997 F.2d 1230, 1233 (7th Cir. 1993) (in discussing §6103, stating that "the statute does not block access, through pretrial

discovery or otherwise, to copies of tax returns in the possession of litigants; all it prevents is the IRS's sharing tax returns with other government agencies" (citing St. Regis Paper Co. v. United States, 368 U.S. 208, 218-219 (1961) (stating that "although tax returns . . . are made confidential within the government bureau . . . copies in the hands of the taxpayer are held subject to discovery"))); United States v. Sheriff, City of New York, 330 F.2d 100, 101 (2nd Cir. 1964) ("Disclosure by the taxpayer himself of his copies of returns is not an unauthorized disclosure, even though it be made by reason of legal compulsion."); See also Hrubec v. National Railroad Passenger Corp., 49 F.3d 1269, 1269-1270 (7th Cir. 1995) ("Congress set out to limit disclosure by persons who get tax returns in the course of public business-employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached. The statute does not forbid disclosure when information comes from other sources."); Baskin v. United States, 135 F.3d 338, 342 (5th Cir. 1998).  The claimants' expansive reading of §6103, that it prevents all disclosure of tax returns except as specifically provided by the act, is without merit.

    The claimants' citations of additional authority do not compel a different conclusion.  Contrary to the claimants'

assertion, the Seventh Circuit in Poulos v. Naas Foods, Inc., 959 F.2d 69 (7th Cir. 1992), did not "opine" that public policy favors the non-disclosure of tax returns. Indeed, the Seventh Circuit expressed no opinion on the issue and rather held that "[t]ax returns in the hands of a taxpayer are not privileged." Id. at 74. The claimants' remaining citations in this part of their brief merely is a copy of the string citation employed by the Seventh Circuit in stating the opinion (which it did not adopt). The claimants' final citation, to Wiesenberger v. W.E. Hutton & Co., 35 F.R.D. 556 (S.D.N.Y. 1964), has no controlling weight in this district.[2]

The claimants' only remaining argument is that the tax returns are not relevant. In objecting to the request for production of these tax returns, the claimants only objected on the grounds of privilege, not relevance. Rule 34(b) provides that: "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as required, unless the request is objected to, in

---

[2] The Court hastens to add that the claimants are inaccurate in their statement that "the courts have *only* required such a disclosure 'where the litigant himself tenders an issue as to the amount of his income.'" (Claimants' Resp. p. 6 (emphasis added)). In citing Poulos for this proposition, the claimants neglected to add that the Seventh Circuit included another reason to compel disclosure of the tax returns: "Second, there was no reasonable alternative source for the information requested." Id. at 75.

which event the reasons for the objection shall be stated." As the claimants made only an objection based on privilege, their relevance argument is waived in a manner similar to waiver of objections as provided by Rule 33(b)(4). That Rule provides, with respect to interrogatories, that: "All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." The claimants cannot now argue that the tax returns are not relevant and therefore will not be produced when no such objection was made at the time of the request.

    Even if this objection was not waived, Rule 26(b) expansively provides for discovery "regarding any matter, not privileged, that is relevant to the claim or defense . . . ." The claimants contend that tax returns are not relevant because they are not claiming that the property was "income." It is common knowledge that tax returns show more than just income: they also indicate taxes paid, exemptions claimed, and business gains and losses, among other things. While such information may not be directly relevant to the Plaintiff's claims that the money is related to drug activity, such information may lead to other relevant information – that is, the absence of a legitimate explanation for the money. As such, the claimants SHALL serve their tax returns for 2004 and 2005, consistent with

6

request to produce 2, on the Plaintiff within ten (10) days of the date of this order.

Finally, the Plaintiff seeks a continuance of the discovery deadline in order to depose the claimants. The claimants do not object. Therefore, the discovery deadline is EXTENDED to May 31, 2007. The Court encourages the parties to cooperate in the scheduling of the depositions within the deadline. The discovery deadline, which already has been extended three times, will not be extended again except upon a showing of good cause.

## CONCLUSION

For the foregoing reasons, the Motion to Compel filed by the Plaintiff on February 23, 2007 [Doc. 35] is GRANTED and the Motion to Continue filed by the Plaintiff on February 23, 2007 [Doc. 36] is GRANTED. The claimants SHALL re-serve their responses to Plaintiff's discovery requests previously served on September 11, 2006 and SHALL serve their tax returns for 2004 and 2005, consistent with request to produce 2, on the Plaintiff within ten (10) days of the date of this order. The discovery deadline is EXTENDED to May 31, 2007.


Entered this __19th__ day of April, 2007

                                    s/ Joe B. McDade
                                   JOE BILLY McDADE
                                United States District Judge